UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT BATES,

        Plaintiff,

v.                                  Case No. 05-C-459

JUDY SMITH, Warden
Oshkosh Correctional Institution,

        Defendant.

**ORDER**

On April 21, 2005, Robert Bates filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of First-Degree Recklessly Endangering Safety, as a party to the crime, and was sentenced to fifteen years imprisonment. He is currently incarcerated at the Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In support of his petition for federal relief under § 2254, Bates claims he is actually innocent of the crime for which he is serving a sentence based upon newly discovered evidence. More specifically, Bates claims that following the trial which resulted in his conviction, the victim and primary witness against him recanted his statement that Bates was involved in the underlying crime. Absent this statement, Bates contends, there is no proof that he committed the crime he was convicted of. Thus, his present incarceration is a violation of his due process rights.

Generally, actual innocence based upon newly discovered evidence is an insufficient ground upon which habeas relief may be granted. The Supreme Court noted in *Herrera v. Collins* that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." 506 U.S. 390, 400 (1993). But the rule is not absolute. Although language in the majority opinion in *Herrera* appears to bar habeas claims based solely on actual innocence, the concurring opinion of Justices O'Connor and Kennedy makes clear that a majority of justices agree that habeas relief may be warranted upon a truly persuasive showing of actual innocence, at least in a capital case. *Herrera*, 506 U.S. at 427, 113 S.Ct. 853 (O'Connor, J., concurring). *See Gomez v. Jaimet*, 350 F.3d 673, 679 n.1 (7th Cir. 2003). While Bates has a steep hill to climb, I am reluctant to conclude at this stage that he has no conceivable claim for which § 2254 relief may be granted. His case will therefore be allowed to proceed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

2

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

3

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this 4th day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
