UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT BATES,

        Petitioner,

v.                                        Case No. 05-C-459

JUDY SMITH,

        Respondent.

**DECISION AND ORDER**

        Robert Bates was convicted in Milwaukee County Circuit Court of First-Degree Recklessly Endangering Safety, as a party to the crime, and was sentenced to fifteen years of imprisonment. He is currently incarcerated at the Oshkosh Correctional Institution.

        Bates' sole claim in this action is that he was actually innocent of the crime. In particular, he states that the primary witness against him (the shooting victim) has recanted his testimony and now believes he was mistaken in identifying Bates as his assailant. In my Rule 4 order screening his petition, I noted that the Supreme Court decided in *Herrera v. Collins* that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." 506 U.S. 390, 400 (1993). I also observed in the Rule 4 order that Bates had a steep hill to climb, but allowed the claim to proceed for further briefing. I now conclude that the petition should be dismissed.

        The respondent has waived several of its potential defenses and wishes to proceed directly to the heart of the issue, i.e., the viability of an actual innocence claim based on recanted testimony.

It first wishes me to rule that actual innocence is not itself an independent basis for federal habeas relief in a non-capital case. I will decline such a broad conclusion, however, because it is not necessary to adjudicate this case. That is because it is clear that Seventh Circuit precedent would not allow a claim such as Bates', which is based solely on recanted testimony, to constitute the sole grounds for habeas relief. As that court has set forth the law:

> "As a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief." *Coogan v. McCaughtry,* 958 F.2d 793, 801 (7th Cir.1992). Nonetheless, we have held that "in some situations newly discovered evidence is so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial in which the evidence could be considered." *Id.* (internal quotation marks and citations omitted). *We have noted that [w]here the "newly discovered evidence" consists of witness recantations of trial testimony or confessions by others of the crime, most courts decline to consider it* in the absence of any showing that the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence, or that petitioner's counsel was ineffective.

*Moore v. Casperson,* 345 F.3d 474, 491 (7th Cir. 2003) (italics added). Although *Moore* was decided in the AEDPA context, whereas this case is not, there is no indication that the distinction matters. Recanted eyewitness testimony is so inherently suspect, especially when the original case is itself based largely on eyewitness testimony, that absent unusual circumstances it cannot be allowed to upset a the result of a trial that met with due process. *See Dobbert v. Wainwright,* 468 U.S. 1231, 1233-34 (1984)(Brennan, J., dissenting from denial of certiorari) ("Recantation testimony is properly viewed with great suspicion. It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction.") Moreover, it is not as though there is even a concrete recantation in this case. The

2

victim now apparently states that he cannot positively identify Bates as the shooter, but that is not the same as saying Bates *was* not the shooter or that his car was not used in the crime. The victim does not retract the statement that he was shot by someone driving a car similar to Bates' car and that he assumed Bates was the shooter because of an altercation that same day involving Bates' girlfriend. In sum, even if habeas relief were theoretically available on the grounds Bates suggests, there is no basis in this case to find such relief justifiable.

Accordingly, the petition is denied, and this case is dismissed.

SO ORDERED this __21st__ day of April, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge